**Prophet Noble Drew ALI et al.**

**v.**

**STATE POLICE OF PENNSYLVANIA and City Police, Respondents.**

**Police Commissioner Joseph O'NELL and Governor of State of Pennsylvania, Milton J. Shapp**

**v.**

**PHILADELPHIA HOUSING AUTHORITY and Thomas J. Kelly, Jr., Executive Director, Respondents.**

**Civ. A. Nos. 74-997, 74-1167.**

United States District Court, E. D. Pennsylvania.

July 16, 1974.

Umar Ibn Khattab El, pro se.

Stephen T. Saltz, Asst. City Sol., Philadelphia, Pa., for Philadelphia Housing Authority, Police Commissioner O'Neill, City Police, Thomas J. Kelly, Jr.

Glenn Gilman, Asst. Atty. Gen., for Governor Shapp and State Police.

## OPINION

LUONGO, District Judge.

Each of the above captioned actions has been styled by plaintiffs as a "Writ of Mandamus." In each case the pleading consists of a narrative statement of certain beliefs of the plaintiffs, who describe themselves as "Moslems and citizens of the National Republic of North America, Moorish American by Nationality" and "Citizens of Pennsylvania, as well as Citizens of the Free National Republic of North America." Defendants have moved to dismiss for failure to comply with the Federal Rules of Civil Procedure relating to pleadings, and for failure to state a claim upon which relief may be granted.

In neither case has any effort been made to comply with F.R.C.P. 8(a) which requires a short and plain statement of the grounds of the Court's jurisdiction; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief to which the pleader deems himself entitled, or with Rule 10(b) which requires the averments to be set forth in separate numbered paragraphs. Were these the only deficiencies in plaintiffs' initial pleadings, opportunity would be afforded to plaintiffs to cure the pleading deficiencies by appropriate amendments, but the defects in the claims themselves are incurable and the motion to dismiss will therefore be granted.

In Civil Action No. 74–997, plaintiffs' grievance appears to be that they are opposed to persons referring to themselves as Negro, Black or Ethiopian and that it is illegal for anyone who so refers to himself to "hold municipal offices of judge or policeman or other court officers such as fireman, postman, state troopers or any other persons who work for the state."

In Civil Action No. 74–1167, plaintiffs assert:

"ACCORDING TO THE NORTHWEST ORDINANCE, OR (BRITISH CONSTITUTION) OF 1784 AND 1787 ALL EUROPEANS IN THE NORTHWEST TERRITORY ARE BRITISH SUBJECTS. THEREFORE IT IS ILLEGAL AND DEFACTO FOR ANY EUROPEANS IN THE NORTHWEST TERRITORY TO MAKE AND PASS LAWS FOR THE ASIATICS OF AMERICA OR (NORTH WEST TERRITORY).

IT IS ILLEGAL AND DEFACTO FOR THOMAS J. KELLY JR. TO ALLOW PHILADELPHIA HOUSING AUTHORITY TO COLLECT RENT FROM THE FREE NATION-

AL CITIZENS WHO ARE THE LE-GAL AND DEJURE LANDOWN-ERS, AND TO COLLECT RENT FROM THE CITIZENS WHEN HE DOES NOT HAVE THE PROPER POWER AND AUTHORITY TO DO SO HERE IN THE COMMON-WEALTH OF PHILA, PENNSYL-VANIA. THERE IS NO EXCUSE FOR THE IGNORANCE OF THE LAW."

Plaintiffs have filed these actions *pro se*. Even construing their pleadings with the liberality commanded by Haines v. Kerner et al., 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), I cannot conjure up any set of facts which plaintiffs could prove which would entitle them to relief. See Bro. Curtis J.El, et al. v. United States et al., Civil Action No. 74–1595 (E.D.Pa. July 2, 1974) (VanArtsdalen, J.). Accordingly the complaints, however denominated, must be dismissed for failure to state a claim upon which relief can be granted.

Apart from the failure to state a claim upon which relief can be granted, there is no showing on the face of the pleadings that this court has jurisdiction. Diversity of citizenship is clearly lacking. No federal question jurisdiction has been pleaded, and I cannot conceive of any. The pleadings are styled "Writs of Mandamus." 28 U.S.C. § 1361 does create jurisdiction in the district courts for the issuance of writs of mandamus, but only with respect to officers or employees or agencies of the United States.[1] The All Writs Act, 28 U.S.C. § 1651(a)[2] gives the district courts power to issue writs of mandamus in aid of their jurisdiction, but it does not create an independent basis for jurisdiction. The actions must be dismissed, as well, for lack of jurisdiction.

---

[1]. "§ 1361. Action to compel an officer of the United States to perform his duty

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

[2]. "1651. Writs

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
* * * *"